IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VONDELL WILBOURN,                )
                                 )
                Plaintiff,       )
                                 )
     v.                          )   No. 08 C 2549
                                 )
PABLO MARION, et al.,            )
                                 )
                Defendants.      )

## MEMORANDUM ORDER

Chicago Police Officers Pablo Marion and Bobby Tong have filed "Defendants' Answer, 12(b)(6) Defenses, Affirmative Defenses and Jury Demand to Plaintiff's Complaint" in response to the pro se Complaint brought against them by Vondell Wilbourn ("Wilbourn"). This memorandum order is issued sua sponte to address some fundamental pleading errors committed by defense counsel.

As for the two Fed. R. Civ. P. ("Rule") 12(b)(6) defenses that follow the Answer itself, each is seriously flawed and cannot be advanced by defense counsel in the objective good faith required by Rule 11(b). Here are their obvious deficiencies:

> 1. As the first of those purported defenses, counsel says this:
>
>> Plaintiff has failed to allege facts sufficient to support a claim under 42 U.S.C. §1983, for Excessive Force as a matter of law against the Defendants.
>
> That assertion is totally untenable, given the facts
> (1) that a plaintiff's allegations must be accepted as true

for Rule 12(b)(6) purposes and (2) that Complaint ¶¶4, 8 and 9 expressly allege:

> 4. (Defendant A.) Officer Pablo Mariano #6691 then forcefully threw me to the ground, hit me in the back of my head with a steel object, and held me down while (Defendant B.) Officer Bobby W. Tong #7146 repeatedly punch me in the face, and stumped and kicked me in and around the groin area, while telling me to shut up!
>
> 8. I was already rendered helpless by (Defendant A.) Officer Pablo Mariano #6619, when he threw me to the ground, and then hit me in the back of my head with a steel object.
>
> 9. But out of some sick satisfaction (Defendant B.) Officer Bobby W. Tong #7146, in his how of power and control continued to beat and kick me like I was an object instead of an Human Being.

2. As for the second purported Rule 12(b)(6) defense, which relates to Wilbourn's claim for punitive damages, defense counsel is also wrong in asserting that such a claim must be "proven beyond a reasonable doubt, or at least by clear and convincing evidence." To this Court's knowledge, pattern instructions throughout the federal court system (including our own--see Instruction 7.24 of the work product of the Committee on Pattern Civil Jury Instructions of the Seventh Circuit) set a preponderance-of-the-evidence standard for awarding punitive damages.

In addition to those defects, two of the asserted affirmative defenses ("ADs") are also problematic. Here they are:

1. AD 1's assertion of qualified immunity fails because ADs must also credit a complaint's allegations (see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). Hence Complaint ¶¶4, 8 and 9 require that AD 1 be stricken, and this Court so orders.

2. AD 3 cites an Illinois statute for the proposition that "Individual [sic] are not liable for any injury caused by the act or omission of another person." Because what Wilbourn asserts is individual rather than vicarious responsibility on the part of each defendant, AD 3 is also stricken.

In summary, the first Rule 12(b)(6) defense is stricken, while the second such defense is stricken with leave to file a curative amendment on or before August 14, 2008. Finally, ADs 1 and 3 are stricken as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 29, 2008